# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　vs.<br>JOSE LUIS PADILLA-VAZQUEZ,<br><br>　　　　　　　　　Defendant. | CASE NO. 12cr1061-LAB-1 and 14cv74-LAB<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

　　　Defendant Jose Luis Padilla-Vazquez pleaded guilty to attempted reentry following deportation, and fraud and misuse of an entry document. After an unsuccessful appeal, he filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, alleging that his trial counsel was ineffective in failing to advise him to accept a plea offer that included "fast track" and for failing to explain to him the advantages of such an offer.

　　　This issue, however, came up earlier in the case and the factual record shows that Padilla-Vazquez was both told of the "fast track" offer and advised to accept it. On May 21, 2013, the Court held a status hearing to consider Padilla-Vazquez's request for new counsel, and the transcript of that hearing was filed in the docket in connection with the appeal (Docket no. 46 (Tr.).)

　　　At that hearing, Padilla-Vazquez said his trial counsel had said he did not have time to obtain a good plea offer for Padilla-Vazquez. (Tr. 4:19–5:5.) In response, counsel told the Court that he had presented all the offers the government had made, discussed them with

1  Padilla-Vazquez, and given Padilla-Vazquez the benefit of his experience and advice. (*Id*.,
2  5:6–6:17.) The Court then explained to Padilla-Vazquez, in detail, what counsel's
3  responsibility was, and what counsel represented that he had done to fulfill that
4  responsibility, and asked for Padilla-Vazquez's response. (*Id*., 6:23–9:18.) In particular, the
5  Court asked Padilla-Vazquez to identify why he thought his counsel wasn't doing a good job
6  (*id*., 9:15–16, 10:21–22), and insisted on hearing Padilla-Vazquez's response. (*Id*., 9:18.)
7  Padilla-Vazquez merely said he lacked confidence in his counsel, and thought his counsel
8  should have been able to get him a better plea offer. (*Id*., 9:19–20, 10:23–11:1.)

9  At that hearing, the Court had an opportunity to question and observe Padilla-
10 Vazquez, and to understand what his complaints against his counsel were. He did not
11 contradict his counsel's representation that the "fast track" plea offer had been
12 communicated and explained to him, and that he had gone against his counsel's
13 recommendation by rejecting the offer. Rather, it was evident his complaint was that he
14 wanted a better offer than the ones that were made to him. The record, which incorporates
15 a number of the Court's findings as well as Padilla-Vazquez's and his counsel's
16 representations, shows that the factual assertions Padilla-Vazquez is now making are
17 unfounded.

18 To establish ineffective assistance of counsel, Padilla-Vazquez would have to show
19 his counsel's representation was objectively unreasonable, and that there is a reasonable
20 probability that but for counsel's unprofessional errors, the proceeding's result would have
21 been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Because he cannot
22 show that his counsel's performance fell below an objectively reasonable standard, the
23 motion must be denied.

24 Moreover, Padilla-Vazquez does not show there was any reasonable likelihood he
25 was prejudiced by his failure to accept the "fast track" offer. Although the guideline range
26 was 63 to 78 months, because of § 3553 factors, the Court imposed a lower sentence, below
27 the guideline range. Fact track, if offered and accepted, would at best have reduced the
28 guideline range to 41 to 51 months, and his actual sentence falls within that.

The motion is **DENIED**, and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED: January 15, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge